**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

TOUSA, INC., et al.                                   CASE NO.:  08-10928-JKO
                                                      Chapter 11 Cases
          Debtors.                                    (Jointly Administered)
_____/

TOUSA HOMES, INC.,

          Plaintiff,

v.                                                    Adversary Proceeding
                                                      Case No.: 10-01368-JKO

MORENO & MORENO, LLC,

          Defendant.
_____/

## <u>MOTION TO VACATE DEFAULT JUDGMENT AND CLERK'S DEFAULT</u>

Defendant, Moreno & Moreno, LLC, moves to vacate the August 14, 2010,

Default Final Judgment Against Defendant, Moreno & Moreno, LLC (Doc. 14)

and the May 4, 2010, Entry of Default by the Clerk of Court (Doc. 7).

Moreno & Moreno, LLC's relationship with the Debtor dates back to 2006

and continued until 2009.  Moreno & Moreno, LLC was a subcontractor that

installed aluminum soffits, gutters, and railings on homes being constructed by the

Debtor.  All of the payments made to Moreno & Moreno, LLC were in the

ordinary course of the parties' business relationship as well as within Florida's construction industry standards.

As set forth in the affidavit filed in support of this motion and argued in the memorandum of law below, the default and subsequent judgment should be set aside for mistake, inadvertence or excusable neglect so that Moreno & Moreno, LLC can establish the payments within the 90 days of bankruptcy were not preferential transfers.

## MEMORANDUM OF LAW

Default judgments are viewed with "disfavor because of the strong policy of determining cases on their merits." See, e.g., Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993) (citations omitted). Indeed, "courts lean over backwards to relieve defaults" where a legitimate defense is asserted and the movant acted diligently. In re Riverwood Land Co., L.P., 216 B.R. 985, 988 (Bankr. M.D. Fla. 1997). The burden required of Moreno & Moreno, LLC "is not difficult to overcome" and a "plausible explanation" supporting the request "shall suffice." Id.

A judgment by default may be set aside for mistake, inadvertence or excusable neglect. Fed. R. Bank. P. 7055, 9024; Fed. R. Civ. P. 55(c), 60(b)(1). In order to make this showing, Moreno & Moreno, LLC must demonstrate a

2

meritorious defense and excusable neglect.  See, e.g., Fla. Physician's Ins. Co., 8 F.3d at 783.

## 1.  Meritorious Defense

In the instant case, the Debtor filed suit to recover payments made to Moreno & Moreno, LLC, its subcontractor, during the 90 days prior to the bankruptcy filing.  The payments to Moreno & Moreno, LLC were not preferential transfers pursuant to 11 U.S.C. § 547 (c)(2).

It appears that the Debtor filed suit against every company it made payment to in the 90 days prior to the bankruptcy.[1]  Just because payment was made within the preferential period, it does not automatically follow the transfer is avoidable. Payments of the sort made to Moreno & Moreno, LLC are specifically excluded:

> **(c) The trustee may not avoid** under this section a transfer--
> **(2)** to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--
> **(A)** made in the ordinary course of business or financial affairs of the debtor and the transferee; or
> **(B)** made according to ordinary business terms . . . .

11 U.S.C. § 547(c)(2) (emphasis added).

While the Debtor is required to prove all the statutory elements of a preference, the burden of establishing the ordinary course of business exemption rests with Defendant and must be shown by a preponderance of evidence.  In re

---

[1] The Court may take judicial notice of its own records, specifically, adversary proceedings with case numbers 10-01057 through 10-03453.

<u>Issac Leaseco, Inc.</u>, 389 F.3d 1205, 1210 (11th Cir. 2004).  In evaluating Moreno & Moreno, LLC's defense, the Court must examine relevant industry standards and the parties' course of business.  <u>Id.</u>

Objectively, the industry standard for payment of subcontractors on construction projects is 30 to 90 days.  <u>See</u>, <u>e.g.</u>, § 255.071, Fla. Stat. (payment for labor, services, and materials required to be made within 30 days after furnishing or after acceptance of work); § 713.345, Fla. Stat. (inference of misapplication of construction funds if payment for labor, services, and materials not made within 45 days from receipt of funds); § 713.346, Fla. Stat. (payment on construction contracts required within 30 days after labor, service, or materials furnished).  In analyzing the impact of slow payments on the strength of the construction industry, it was reported that payment for work performed to subcontractors are currently in the 90-day range.  Steve Setzer, *Slow Payment is Sapping Contractors' Strength*, Engineering News Record, Jun. 24, 2009.

Subjectively, even the most cursory review of the parties' course of conduct over the year prior to bankruptcy filing reveals a payment history entirely consistent with the payments made in the 90 days before the bankruptcy filing. The chart below details the history of invoices submitted and payments made by the Debtor:

| INVOICE DATE(S) | CHECK # | DATE |
| --- | --- | --- |

| | | |
|---|---|---|
| 1/3/2007 | 19561 | * |
| 1/17/2007 | 20511 | * |
| 1/25/2007 | 22882 | * |
| 2/14/2007 | 24219 | * |
| 2/27/2007 | 26419 | * |
| 3/14/2007 | 27988 | * on or about 3/20/07 |
| 4/4/2007 | 30165 | * |
| 4/18/2007 | 32164 | * on or about 4/30/07 |
| 5/2/2007 | 33885 | * on or about 5/8/07 |
| 5/16/2007 | 36001 | * on or about 5/21/07 |
| 6/6/2007 | 38552 | * on or about 6/6/07 |
| 7/3/2007 | 42045 | * |
| 7/18/2007 | 46921 | * on or about 7/27/07 |
| 8/15/07 - 9/5/07 | 49110 | 9/13/2007 |
| 9/19/2007 | 50690 | 9/27/2007 |
| 10/3/2007 | 52220 | 10/11/2007 |
| 10/17/2007 | 53576 | 10/25/2007 |
| 10/31/2007 | 55183 | 11/9/2007 |
| 10/24/07 - 1/2/08 | 61115 | 1/16/2008 |
| 1/16/2008 | 61887 | 1/23/2008 |
| | | |
| *Check stubs retained by Moreno & Moreno, LLC are not dated.  The on or about date is when a transaction in the amount of the check posted in the company's account. | | |

Based on the industry standard for construction payments, the current trends, and the parties' regular course of business, the payments to Moreno & Moreno,

LLC for actual work performed in the 90 days prior to bankruptcy filing were not preferential transfers.

## 2. Excusable Neglect/Good Cause

The Court may set aside the clerk's default for good cause. Fed. R. Civ. P. 55. Vacating the judgment, however, requires a showing of excusable neglect. Fed. R. Civ. P. 60. Under Rule 60, excusable neglect encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Svcs. Co. v. Brunswick Assocs., LP, 507 U.S. 380, 394 (U.S. 1993). "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness.*'" Id. at 388 (emphasis in original, citation omitted). Neglect includes "both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." Id. Indeed,

> Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

Id. (citations omitted). The Court's determination as to excusable neglect is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. The factors considered include (a) damage of

prejudice to the debtor, (b) length of delay and potential impact on judicial proceedings, and (c) reason for the delay and good faith of movant.  See Id.

### a.  Prejudice to Debtor

Vacating the default in this case and examining the merits of the proceeding will not result in prejudice to the Debtor.  A judgment following a default is not automatic and had the Debtor properly inspected its books and records and history with this subcontractor, the complaint would never have been filed.  See, e.g., In re Ripple, 242 B.B. 60, 63 (Bankr. M.D. Fla. 1999).   The Debtor purposefully omitted the date of the invoices from the exhibits to the complaint to avoid judicial scrutiny of the regular course of business exception to preferential transfers.

### b.    Impact on Judicial Proceedings

This adversary proceeding was commenced on January 20, 2010.  There are numerous other adversary proceedings still in progress and the vacation of the default and judgment will not impact the Debtor's overall reorganization.

### c.  Reason for Delay/Good Faith

Moreno & Moreno, LLC, was previously Moreno & Moreno Corp., a Florida corporation formed in February 2000.  The corporation was converted to a limited liability company in August 2008.  The company was formed by Emerson Moreno, a Brazilian that immigrated to the United States in 1997.

The managing member and founder of Moreno & Moreno, LLC is not familiar with the American legal system.  In his native country, notice of a lawsuit is provided by service of the papers by an officer with a badge.  Prior to receiving this adversary proceeding, if he actually did, Mr. Moreno received a certified letter dated October 30, 2009, from Berger Singerman on behalf of the Debtor, with a settlement offer related to the alleged preferential transfers.  Moreno & Moreno, LLC wrongfully, but nonetheless honestly, believed the letter from Berger Singerman with a settlement offer that eventually led to the complaint was a mistake.

The company performed work at the request of the Debtor and in good faith. Moreno & Moreno, LLC paid its labor force and for the materials that were installed in and on the Debtor's homes.  As such, avoiding the payments now will result in an even greater loss to Moreno & Moreno, LLC.

As set forth in the Debtor's April 28, 2010, Verified Motion for Clerk's Default (Doc. 6), the complaint in this case was served via U.S. Mail.  While Defendant recognizes and acknowledges that service by U.S. Mail is authorized in adversary proceedings, it is strange when a settlement offer was sent certified and something as important as a lawsuit is only sent via first class mail.

The summons and complaint in this case was only served on the Registered Agent, Emerson Moreno.  The Defendant, Moreno & Moreno, LLC was not also

served at its principal place of business.  Rule 7004 provides for service by first class mail, postage prepaid as follows:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

While the affidavit of Mr. Moreno reveals he has no recollection of whether the summons and complaint was actually received, it is not unreasonable under the facts of this case that if he did receive it, did not recognize its importance.

Mr. Moreno understands that ignorance of the law is not excusable neglect, but given the prior certified letter, his lack of familiarity with the legal system, immediately contacting attorney upon receipt of the final judgment and the equities of the specious claim against the company, asks the Court to exercise its equity in providing relief from the judgment and default.

**4.  Other Reason Justifying Relief**

Pursuant to Rule 60, the Court may relieve Moreno & Moreno, LLC's failure to timely respond to the complaint on any other reason that justifies relief. In this case, the complaint against this company is completely without merit.  The complaint, brought by the Debtor, without any regard for the parties' history and ordinary course of business is in complete disregard for the statute authorizing

such actions as well as the history and reasoning behind allowing avoidance of preferential transfers.

As the Debtor is no doubt aware, the purpose of the ordinary course exception is to leave undisturbed normal financial relations, allowing a struggling debtor to continue to operate its business. The legislative history, oft cited in cases, reveals that "payments which do not result from 'unusual debt collection or payment practices" should be protected. H.R.Rep. No. 595, 95th Cong., 1st Sess. 373-74 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 6329. In other words, normal payments are outside the scope of the trustee/debtor's avoidance powers. See, e.g., In re Hechinger Inv. Co. of Del., Inc., 320 B.R. 541 (Bankr. Del. 2004).

There is no question that Moreno & Moreno, LLC is a small company that worked hard for the Debtor. The payments made within the 90 days preceding the bankruptcy were for actual work performed during the Debtor's course of business and entirely consistent with the course of regular dealings between the parties. Moreno & Moreno, LLC never pressured Debtor for a payment or employed other collection tactics.

Interestingly, the October 30, 2009, certified letter from Berger Singerman, P.A. received on November 2, 2009, offering a settlement contained a list of the payments during the 90 days preceding the bankruptcy that included the date of the

10

invoices, a copy of which is attached hereto as Exhibit "A." The exhibit to the complaint omits the dates of the invoices because the Debtor knew that had the Court seen the close proximity of invoices to dates of payments it would have to explain why these payments did not fall into the ordinary course exception. Having previously examined its own books and records, the Debtor knew these payments were not preferential and that it lacked a factual basis to proceed with the complaint.

## **CONCLUSION**

Upon consideration all of the facts of this case, it is extremely prejudicial that Moreno & Moreno, LLC have a judgment entered against it for payments that do not even qualify as a preferential transfer. As such, Moreno & Moreno, LLC respectfully requests the Court exercise equity in setting aside the judgment, vacating the default, and providing 10 days to answer the Complaint.

## <u>CERTIFICATE OF SERVICE</u>

I certify this document has been electronically filed on CM/ECF and NEF will be served upon all case participants authorized to receive electronic service.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

<u>/s/ Tina L. Caraballo</u>
Tina L. Caraballo
Florida Bar No.: 0164275
Hayes & Caraballo, P.L.
P.O. Box 547248
Orlando, Florida 32854-7248
Phone:  407-649-9974
Fax:  407-649-9379
Attorneys for Defendant
Moreno & Moreno, LLC